# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:17-cv-272-FDW

| | |
|---|---|
| JAMAL BULLOCK EL-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| STATE OF NORTH CAROLINA, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff's "Affidavit of Fact Legal Notice-Demand to Remove Filing Fee." (Doc. No. 7). The motion will be denied.

**I.     INTRODUCTION**

*Pro se* Plaintiff Jamal Bullock El-Bey is a state prisoner serving a 19-year sentence at the Lanesoboro Correctional Institution in Polkton, North Carolina, pursuant to his guilty plea to second-degree murder and first-degree burglary. (Doc. No. 1 at 21-23). Plaintiff filed the instant action under 42 U.S.C. § 1983. The Complaint is dated April 5, 2017, and was docketed on May 17, 2017. It names as Defendants: the State of North Carolina; North Carolina Governor Roy Cooper; North Carolina Division of Adult Correction; North Carolina Secretary of Prisons Erik A. Hooks; and Director of Prisons George T. Solomon. Plaintiff appears to allege that his North Carolina conviction is void on its face and that his sentence constitutes hostage-taking and slavery because he is a Moorish-American and therefore not subject to the North Carolina state court's jurisdiction. He also complains that official documents refer to his race as "Black" rather than "Moorish-American," which is an ongoing violation of due process and the 13th Amendment. He

1

seeks immediate release and correction of his race to "Moorish-American." Attached to the Complaint is a letter stating that he has enclosed an application to proceed without prepayment of costs, and that a money order made out to the Clerk of Court for $350 is enclosed. (Doc. No. 1 at 39).

Docketed the same day as the Complaint is an application to proceed *in forma pauperis*. (Doc. No. 2). The Court ordered the correctional facility to provide a copy of Plaintiff's most recent trust account statement on May 24, 2017. (Doc. No. 3).

Meanwhile, Plaintiff filed a notice of voluntary dismissal, (Doc. No. 4), that was signed on May 18, 2017, and docketed on May 25, 2017. The Clerk of Court administratively closed by the case that same day.

A prisoner trust account statement from the correctional institution was docketed on June 13, 2017. (Doc. No. 5). The Court granted Plaintiff's motion to proceed *in forma pauperis* and directed monthly payments to be drawn from Plaintiff's prison trust account on June 20, 2017. (Doc. No. 6).

Plaintiff filed the present "Affidavit of Fact…" on July 17, 2017. (Doc. No. 7). He asks that the $350 filing fee be removed from his prison account because he voluntarily dismissed the § 1983 suit before any judicial action was taken. In the alternative, if the filing fee is going to remain in place, he asks to re-open his § 1983 action. He again alleges that a $350 money order was enclosed with the Complaint and was accepted by the Court.

A Petition for Writ of Prohibition was docketed in the Fourth District Court of Appeals on October 13, 2017, case number 17-2213, in which Plaintiff argues that the Court's imposition of

the filing fee despite his voluntary dismissal in this case is a manifest injustice.[1]

**II.    DISCUSSION**

Construing Plaintiff's pleading liberally, it appears that he is moving to alter or amend, or seek relief from judgment under Rules 59(e) and/or 60(b) of the Federal Rules of Civil Procedure, to relieve him from the obligation to pay the $350 filing fee and, alternatively, reopen the § 1983 case.

A party may file a Rule 59(e) motion to alter or amend no later than 28 days after the entry of a judgment. Fed. R. Civ. P. 59(e). Such a motion may only be granted in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (internal quotation marks omitted).

Rule 60(b) permits a court to "relieve a party of its legal representative from a final judgment, order, or proceeding" due to, *inter alia*, "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). A Rule 60(b)(1) motion must be filed no more than a year after entry of the judgment or order at issue. Fed. R. Civ. P. 60(c)(1). To obtain relief under the Rule, a party must demonstrate *inter alia* that he was not at fault and that the nonmoving party will not be prejudiced by the relief from judgment. Home Port Rentals, Inc. v. Ruben, 957 F.2d 126, 132 (4th

---

[1] The Federal Rules of Civil Procedure do not provide for an automatic stay of proceedings in the district court while a petition for an extraordinary writ is pending in the appellate court. See Ellis v. U.S. Dist. Ct. for W. Dist. of Washington, 360 F.3d 1022, 1023 (9th Cir. 2004) ("district court does not lose jurisdiction over a case merely because a litigant files an interlocutory petition for an extraordinary writ."). An appellate court can stay the district court proceedings while a petition for extraordinary relief is pending but, "absent such a stay, the jurisdiction of the district court is not interrupted." Woodson v. Surgitek, Inc., 57 F.3d 1406, 1416 (5th Cir. 1995). Plaintiff has not sought, and the Fourth Circuit has not granted, a stay pending its consideration of Plaintiff's petition for writ of prohibition, so the Court's is not foreclosed from ruling on Plaintiff's motion.

Cir. 1992). The Fourth Circuit has noted that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 533 (4th Cir. 1996) (quoting Pioneer Investment Servs. Co., v. Brunswick Assoc. Ltd. Partnership et al., 307 U.S. 380, 392 (1993)). "Under all the provisions of Rule 60(b), a threshold condition for granting the relief is that the movant demonstrate that granting that relief will not in the end have been a futile gesture, by showing that she has a meritorious defense or claim." Boyd v. Bulala, 905 F.2d 764, 769 (4th Cir. 1990). Motions filed under 60(b) lie largely within the trial court's discretion. Consolid. Masonry & Fireproofing, Inc. v. Wagman Const. Corp, 383 F.2d 249, 251 (4th Cir. 1967).

Plaintiff filed the instant motion pursuant to the prisoner mailbox rule on July 17, 2017, less than 28 days after the Court entered the Order at issue, and is therefore timely under both Rules 59(e) and 60(b). His claims for relief will be addressed in turn.

(A)     Filing Fee

The Prison Litigation Reform Act ("PLRA") provides that, "if a prisoner brings a civil action … *in forma pauperis*, the prisoner shall be required to pay the full amount of the filing fee…." 28 U.S.C. § 1915(b)(1). Thus, the PLRA "makes prisoners responsible for their filing fees the moment the civil action or appeal is filed, … [and] by filing the complaint or notice of appeal, the prisoner waives any objection to the fee assessment by the district court." McGore v. Wrigglesworth, 114 F.3d 601, 605 (6th Cir. 1997) (citation omitted), *overruled on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Goins v. Decaro, 241 F.3d 260, 262 (2d Cir. 2001) ("we are not at liberty to read into the PLRA judicial authority to cancel remaining indebtedness for withdrawn appeals."); Williams v. Roberts, 116 F.3d 1126, 1127 (5th Cir. 1997) ("the filing fee is to be assessed for the privilege of initiating an appeal, without regard to the subsequent

4

disposition of the matter.").

As a preliminary matter, Plaintiff's contention that he enclosed a cashier's check for $350 with his Complaint, and that the Court accepted the payment, is factually erroneous. The Court's records do not reflect the receipt, or acceptance, of any cashier's check. See (Doc. No. 1).

Plaintiff appears to seek relief under Rule 59(e) to correct an error of law and prevent manifest injustice. Plaintiff's reliance on Rule 59(e) is unavailing because no error of law occurred. Plaintiff became responsible for the entire $350 filing fee the moment he filed the § 1983 action. The fact that he subsequently voluntarily dismissed his complaint is irrelevant and he remains liable for the entire fee. See McGore, 114 F.3d at 605. Any suggestion that the Court lacked jurisdiction to grant Plaintiff's motion to proceed *in forma pauperis* after the notice of voluntary dismissal was filed is incorrect. It is well settled that "a federal court may consider collateral issues after an action is no longer pending" via voluntary dismissal by, for instance, imposing costs, attorney's fees, and contempt sanctions. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395, 110 S. Ct. 2447, 2455, 110 L. Ed. 2d 359 (1990), *superseded in other respects by rule,* 1993 Amendments to Fed. R. Civ. P. 11; see generally In re Matthews, 395 F.3d 477, 481 (4th Cir. 2005) (after an action is voluntarily dismissed, the court lacks authority to conduct further proceedings on the merits, however, the district court retains jurisdiction to resolve collateral issues).

To the extent that Plaintiff means to seek relief under Rule 60(b) due to a mistake, this too fails. The fact that Plaintiff might not have appreciated the procedural effects of filing a motion to proceed *in forma pauperis*, then voluntarily dismissing the action, does not warrant relief under Rule 60(b)(1). See generally Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996) ("Rule 60(b)(1) relief is not available for a party who simply misunderstands the legal consequences of his deliberate acts.").

There is no legal or factual basis for relief from the Court's June 20, 2017, Order under either Rule 59(e) or 60(b), and therefore, the relief from the Order enforcing the $350 filing fee is denied.

(B) <u>Motion to Reopen</u>

Alternatively Plaintiff seeks to reopen his § 1983 civil rights case.

Rule 59(e) does not provide a basis to reopen Plaintiff's § 1983 civil rights case because he has failed to demonstrate that any change of law, new evidence, or an error of law has occurred.

Rule 60(b)(1) also fails to provide relief because Plaintiff's ignorance of the consequences of filing, then voluntarily dismissing, his § 1983 action does not constitute a mistake or excusable neglect. <u>See</u> <u>generally</u> <u>Cashner</u>, 98 F.3d at 577 ("Rule 60(b)(1) relief is not available for a party who simply misunderstands the legal consequences of his deliberate acts…"); <u>Ungar v. Palestine Liberation Org.</u>, 599 F.3d 79, 85 (1st Cir. 2010) ("willfulness (that is, the making of a deliberate strategic choice) is not a ground for relief under Rule 60(b)(1) and, in fact, is directly antagonistic to a claim premised on any of the grounds specified in that subsection.").

Further, Plaintiff has failed to demonstrate the existence of a meritorious claim should his § 1983 civil rights case be reopened. Plaintiff's allegations that the North Carolina criminal court lacked jurisdiction over him in his criminal case, and violated his rights by referring to him as "Black" rather than "Moorish-American," are completely frivolous. <u>See</u> <u>United States v. White</u>, 480 Fed. Appx. 193, 194 (4th Cir. 2012) ("Neither the citizenship nor the heritage of a defendant constitutes a key ingredient to a ... court's jurisdiction in criminal prosecutions...."); <u>Caldwell v. Wood</u>, 2010 WL 5441670 at *17 (W.D.N.C. Dec. 28, 2010) ("The suggestion that Petitioner is entitled to ignore the laws of the State of North Carolina by claiming membership in the 'Moorish-American' nation is ludicrous."); <u>Anderson–El v. Chief of Aux. Serv.</u>, 2012 WL 5305782 at *1

6

(E.D.N.C. May 22, 2012) (prison officials' refusal to change nationality or race in official prison records is not a constitutional violation). Plaintiff's claim that his North Carolina convictions and sentences are invalid is barred under the principles announced in Heck v. Humphrey, 512 U.S. 477 (1994). The "sole federal remedy" for Plaintiff's claim for immediate release from his State court sentence of imprisonment is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 which must be filed as a separate action in the appropriate court.[2] Prieser v. Rodriguez, 411 U.S. 475, 500 (1973). Reopening the § 1983 case would be a futile gesture and a waste of judicial resources under these circumstances.

The motion to reopen the § 1983 civil rights action is therefore denied.

### III. CONCLUSION

For the reasons stated herein, the Court finds that there is no basis to reconsider its Order requiring payment of the full $350 filing fee from Plaintiff's prisoner account, or to reopen the § 1983 case, under Rule 59(e) or 60(b).

**IT IS, THEREFORE, ORDERED:**

Plaintiff's "Affidavit of Fact Legal Notice – Demand to Remove Filing Fee," (Doc. No. 7), is **DENIED**.

Signed: October 19, 2017

Frank D. Whitney
Chief United States District Judge

---

[2] It appears that Plaintiff has already pursued such relief in the Eastern District of North Carolina, case number 5:14-hc-2002-F (transferred from the Middle District of North Carolina, case number 1:13-cv-707-JAB-JEP).